IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL D. BLACKWELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:10-cr-00012 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

This matter is before the Court on the United States' Motion to Dismiss Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 [ECF No. 59], as well as the United States' motion to hold Petitioner's § 2255 Motion partially in abeyance [ECF No. 58]. Petitioner does not object to holding his Motion to Vacate partially in abeyance (see Reply to Gov't's Mot. to Hold Petition Partially in Abeyance, Sep. 1, 2016 [ECF No. 60]), so that motion will be granted. The parties have fully briefed the issues raised in the United States' Motion to Dismiss, so that motion is ripe for consideration. For the reasons set forth herein, the United States' Motion to Dismiss will be granted in part.[1]

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On November 16, 2010, Petition Michael Blackwell entered a guilty plea to knowingly possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Thereafter, on May 17, 2011, Petitioner was sentenced to 180 months imprisonment. This sentence was mandated by the Armed Career Criminal Act ("ACCA"), which requires a 15-

---

[1] This addresses only Petitioner's arguments regarding use of Virginia burglary and breaking and entering as predicate offenses. Consideration of the motion for relief regarding use of robbery and unlawful wounding are held in abeyance by agreement of the parties.

year sentence where a defendant has "three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Petitioner's Presentence Report reflects that Petitioner's prior convictions for breaking and entering, robbery, unlawful wounding, and statutory burglary constituted the necessary "predicate offenses" to trigger the ACCA's mandatory 15-year sentence.[2] See United States v. Gambill, 492 F. App'x 427, 429 (4th Cir. 2012) (per curiam) (holding that a Virginia conviction for "breaking and entering" qualified as "generic burglary"); United States v. Foster, 662 F.3d 291, 293–94 (4th Cir. 2011) (holding that a conviction under the Virginia burglary statutes could qualify as "generic burglary" under the ACCA). Petitioner was sentenced accordingly and, on June 23, 2016, filed the present Motion for Relief under 28 U.S.C. § 2255.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may seek to set aside, correct, or vacate a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. "Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory." United States v. Rashaad, 249 F. App'x 972, 973 (4th Cir. 2007) (per curiam).

---

[2] Petitioner's challenge to the use of robbery and unlawful wounding are held in abeyance pending the outcome of a relevant case which is currently on appeal to the Fourth Circuit. All that is at issue here, then, are Petitioner's prior convictions for "burglary" and "breaking and entering," both in violation of Va. Code Ann. § 18.2-91.

## III. DISCUSSION

The question before the court is purely one of law, and the facts are adequately presented by the underlying record and the briefs of the parties. A hearing is not required to dispose of this discrete legal issue.

Under the ACCA, "a defendant may be sentenced as an Armed Career Criminal (and thus subject to a fifteen-year mandatory minimum sentence) if he violates 18 U.S.C. § 922(g) and has at least three prior convictions for violent felonies or serious drug offenses." Foster, 662 F.3d at 291. As is relevant here, at the time of Petitioner's sentencing, the ACCA defined "violent felony" as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Id. § 924(e)(2)(B). "These three clauses[3] of § 924(e)(2)(B) are often referred to respectively as (i) the 'force clause,' (ii) the 'enumerated crimes clause,' and (iii) the 'residual clause.'" United States v. Major, No. 1:16-cv-324, 2016 WL 4059662, at *2 (E.D. Va. July 27, 2016).

Earlier this year, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague, and that "the indeterminacy of the wide-ranging inquiry required by the residual clause denied both fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). Petitioner's argument here is that his convictions for burglary and breaking and entering were ACCA predicate offenses under the "residual

---

[3] Although delineated into only two sections in the statute, three clauses are actually in play.

- 3 -

clause." Because the Supreme Court has held that clause unconstitutional, and because that ruling is retroactive, see Welch v. United States, 136 S. Ct. 1257, 1265 (2016), he is entitled to have his sentence vacated and to be resentenced without application of the ACCA.

Petitioner's argument fails because Virginia burglary and Virginia breaking and entering are ACCA predicate offenses under the enumerated crimes clause, not the residual clause, and are therefore unaffected by the Supreme Court's decision in Johnson. With respect to the enumerated crimes clause, "the Supreme Court has defined an ACCA 'generic' burglary as 'any crime, regardless of its exact definition or label, having the basic elements of unlawful, unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" Major, 2016 WL 4059662, at *2 (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)).

The often onerous task of determining whether a prior offense qualifies as a predicate offense under the enumerated offense clause has been the district courts' cross to bear for some time now. The Fourth Circuit, however, has offered some preliminary guidance:

> To determine whether an offense under state law falls within the definition of a violent felony, courts generally employ a categorical approach, under which consideration is given only to the essential elements of the offense and the fact of conviction. Burglary is a "violent felony" under the ACCA. Interpreting the ACCA, the Supreme Court has held that "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."
>
> While a sentencing court normally may look only to the statutory elements of an offense and the fact of the conviction, because some statutes (like the Virginia provisions at issue here) define burglary broadly to encompass enclosures other than "a building or structure," the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction" in certain cases. Thus, an offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury

> instructions show that the defendant was charged only with a burglary of a building," so "the jury necessarily had to find an entry of a building to convict." In cases where, as here, the defendant pled guilty to the prior offense, a federal sentencing court may consider certain court documents, including but not limited to the indictment, a transcript of the plea colloquy and/or the written plea agreement.

United States v. Baxter, 642 F.3d 475, 476–77 (4th Cir. 2011) (internal citations omitted).

Shortly after Petitioner's sentencing,[4] the Fourth Circuit explicitly held that Virginia burglary and breaking and entering[5] could constitute predicate offenses sufficient to trigger the ACCA under the "enumerated crimes" clause. In United States v. Foster, the Fourth Circuit recognized that the Virginia burglary statute defined burglary in terms "broader than 'generic burglary' as defined by the Supreme Court in Taylor." Foster, 662 F.3d at 293. "Importantly, however, the Fourth Circuit determined that the Virginia burglary statutes were divisible because they provided alternative elements, and therefore under the modified categorical approach, a conviction under the Virginia burglary statutes could sometimes qualify as generic burglary under the ACCA enumerated crimes clause." Major, 2016 WL 4059662, at *6.

Because Virginia's burglary statute is broader than the Supreme Court's definition of "burglary" in Taylor, district courts are obliged to "consider certain court documents" to uncover whether a prior offense had the same elements as the generic version of the offense, or whether a defendant was convicted under the alternate elements which would *not* qualify as an ACCA predicate offense. See Baxter, 642 F.3d at 477. See generally Shepard v. United States, 544 U.S. 13 (2005). As they relate to Petitioner, it is clear that his prior offenses of breaking and

---

[4] Petitioner was sentenced on May 17, 2011; Foster was decided on November 30, 2011.

[5] Although termed differently, both "burglary" and "breaking and entering" refer to a conviction for violating Va. Code Ann. § 18.2-91. Compare Hitt v. Commonwealth, 43 Va. App. 473, 479 (2004) ("statutory burglary"), and United States v. Foster, 662 F.3d 291, 293–94 (4th Cir. 2011) (same), with Finney v. Commonwealth, 277 Va. 83, 85 (2009) ("breaking and entering"), and United States v. Gambill, 492 F. App'x 427, 429 (4th Cir. 2012) (per curiam) (same).

entering into the Blue Ridge Air Post and burglary of a Maxway store qualify as enumerated offenses under Foster. See Foster, 662 F.3d at 294 (noting that the first clause of the Virginia burglary statute "consists entirely of buildings and structures," and that convictions under that clause qualify as generic burglary under the ACCA enumerated crimes clause); id. at 295 (permitting the inference, based on the names and locations, that the places burgled "are buildings or structures"). Therefore, application of the ACCA to his sentence was appropriate in Petitioner's case.

Understandably, Petitioner attempts to avoid this conclusion. He argues that, in light of Descamps v. United States, 133 S. Ct. 2276 (2013), which Petitioner maintains severely circumscribed the modified categorical approach used in Foster, the Virginia burglary statute would no longer be considered divisible and, thus, would *not* qualify under the "enumerated crimes" clause. This argument is time barred.

Under 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." An exception to this strict rule arises when the § 2255 motion is predicated on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). At that point, the one-year limitations period begins anew *with regard only to the newly recognized right*. Any argument asserting Descamps or its logic had to be made, at the latest, within one year of the Supreme Court's publication of its decision. Because Descamps was decided on June 20, 2013, a § 2255 motion based on the ruling in Descamps had to be filed, at the latest, by June 20, 2014. Petitioner's motion, which was filed on June 23, 2016, is two years too late.

Moreover, even if Petitioner's Descamps argument was timely, it would not be permitted. Descamps did not announce a new, substantive rule. See United States v. Mays, 817 F.3d 728,

734 (11th Cir. 2016) (per curiam) ("As the Supreme Court and other circuits have recognized, Descamps did not announce a new rule—its holding merely clarified existing precedent."). Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review). Thus, even if Petitioner had filed his motion on the day after Descamps was decided, it would not fall under the exception to the one-year statute of limitations found in § 2255(f)(3). Because the Supreme Court did not recognize a new right in Descamps, any argument predicated on the argument accepted in Descamps had to be filed within one year of "the date on which [Petitioner's] judgment of conviction [became] final . . . ." 28 U.S.C. § 2255(f)(1).

To combat his procedural default on this argument, Petitioner asserts:

> To the extent the government argues that Descamps is not to be applied to the present case because this would make an improper retroactive application of its rule as opposed to that in Johnson, this argument should not be countenanced. The relief in Johnson was broad. It set aside multiple holdings under the residual clause to turn back the clock to a Taylor broad understanding of the categorical approach and a narrow understanding of the residual clause (including burglary). The rule of Descamps fits within the remedial intent of Johnson and so is properly relied upon in determining whether relief is due in the present case.

(Pet.'s Mot. for Relief pg. 9 n.5, June 23, 2016 [ECF No. 53].) This argument contains no reference to Johnson, and does not cite a single case in the entire country that has adopted this approach. I decline the invitation to read Johnson as an abrogation of every well-worn tenet of collateral review, or as justifying the wholesale disregard for finality of sentences. Nothing in the text of Johnson—or any subsequent case—justifies using a motion under the guise of Johnson to address arguments that could have, and should have, been made previously, but were not. Johnson clearly represented a "newly recognized right;" Descamps did not. Because

Petitioner's predicate offenses remain "crimes of violence" in the wake of Johnson, his motion to vacate is not proper.

Petitioner makes the alternative argument, which is more appropriate if ultimately unconvincing, that the Supreme Court's decision in Mathis v. United States requires his sentence be vacated. (See Pet.'s Opp. to Gov'm's Mot. to Dismiss pgs. 13–16, Sept. 21, 2016 [ECF No. 61].) In Mathis, the Supreme Court held that an Iowa burglary statute was not divisible, and therefore not amenable to the modified categorical approach. See Mathis v. United States, 136 S. Ct. 2243, 2250 (2016). The statute at issue in Mathis defined "one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (*i.e.*, buildings and other structures, but not vehicles) satisfy the generic definition." Id. In its holding, the Supreme Court reiterated that the ACCA's operation requires "[d]intinguishing between elements and facts . . . ." Id. at 2248. Petitioner claims that the holding in Mathis requires that his sentence be vacated.

Although Mathis is a relatively recent decision (being decided on June 23, 2016), an argument raising the Mathis rationale is likewise time barred. If Mathis represented the Supreme Court's recognition of a new right, Petitioner would be permitted to make that argument now. Unfortunately for Petitioner, the Supreme Court torpedoed the argument that Mathis treads new ground. By the Court's own admission, Mathis does not set a new rule. Rather, the same precedents that undergirded Foster resolved the issue in Mathis. "Under our precedents," the Supreme Court said, the "undisputed disparity" between generic burglary and the Iowa statute "resolves this case." Id. at 2251. The "longstanding principles" that were announced in Taylor and applied in Foster, "and the reasoning that underlie[d] them," made the conclusion in Mathis a foregone one. The Court went on:

> Taylor set out the essential rule governing ACCA cases more than a quarter century ago. All that counts under the Act, we held then, are "the elements of the statute of conviction." 495 U.S. at 601. . . . Accordingly, a sentencing judge may look only to "the elements of the [offense], not to the facts of [the] defendant's conduct." Id.
>
> That simple point became mantra in our subsequent ACCA decisions.

Mathis, 136 S. Ct. at 2251–52. The rules applicable to the ACCA have been around since Taylor and were applied in Foster. Neither Johnson nor Descamps nor Mathis altered those rules.

As is evident from the Fourth Circuit's opinion in Foster, the circuit court was well aware of the Supreme Court's admonition in Taylor that all that counts for ACCA purposes are "the elements of the statute of conviction." Taylor, 495 U.S. at 601; see Foster, 662 F.3d at 293. The Fourth Circuit determined that the Virginia burglary statute was divisible *on the elements*, and therefore district courts were obliged to consider Shepard-approved documents to discern whether a defendant had committed an ACCA-predicate version of burglary or not. The Supreme Court had the opportunity to overturn Foster, but declined to do so. See Foster v. United States, 133 S. Ct. 207 (2012) (denying certiorari). It remains good law, and under that law, Petitioner's convictions for burglary and breaking and entering are "crimes of violence" under the ACCA. By the Supreme Court's own admission, the holdings in both Mathis and Foster were compelled by Taylor. Therefore, Mathis does not represent a "newly recognized right," and Petitioner's argument is time barred under 28 U.S.C. § 2255(f).

IV.     **CONCLUSION**

The government's motion to dismiss Petitioner's § 2255 motion must be granted with respect to Petitioner's prior convictions for Virginia burglary and breaking and entering. Accord United States v. Major, No. 1:16-cv-324, 2016 WL 4059662, at *8 (E.D. Va. July 27, 2016). In light of the Fourth Circuit's rulings in Foster and United States v. Gambill, 492 F. App'x 427,

429 (4th Cir. 2012) (per curiam), Petitioner's prior convictions for violating Va. Code Ann. § 18.2-91 constitute generic burglaries under the ACCA "enumerated crimes" clause, and the attendant fifteen-year sentence was required by the ACCA. Johnson does not disturb that holding. Neither Descamps nor Mathis recognized a new right sufficient to suspend that limitations period applicable to § 2255 motions, and those arguments are untimely.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this  6th  day of October, 2016.

                                                            s/Jackson L. Kiser
                                                           SENIOR UNITED STATES DISTRICT JUDGE