CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 25 2017

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. BLACKWELL** | ) | **Criminal Case No. 4:10cr00012** |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By: Jackson L. Kiser** |
| **Respondent.** | ) | **Senior United States District Judge** |

This matter is before the Court on Petitioner Michael D. Blackwell's motion to rescind dismissal of claim and for ruling on all claims in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  ECF Nos. 53, 69, 70.  Blackwell asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA") because his predicate convictions no longer support such a designation following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), as well as recent Fourth Circuit case law.  In a previous opinion, I addressed part of Blackwell's arguments but, by agreement of the parties, held in abeyance consideration of other arguments.  Mem. Op. at 1 n.1, ECF No. 63.  I now vacate my prior memorandum opinion and order, and reach the merits of all of Blackwell's claims for relief.  After careful review of the record, and in light of Johnson, I will grant Blackwell's § 2255 motion, and deny the government's motion to dismiss.

**I.**

On November 16, 2010, Blackwell pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e).  Plea Agree. at 1, ECF No. 31.  A Presentence Investigation Report ("PSR") was created prior to sentencing.  It recommended that Blackwell be designated an armed career criminal based on the following convictions: two Virginia convictions, one in 1975 and one in 1996, for statutory burglary; a 1976 Virginia conviction for robbery; and a 1976 Virginia conviction for malicious J

wounding.  PSR ¶¶ 21, 26, 28, and 48, ECF No. 42.  Because of the armed career criminal designation, the PSR recommended a total offense level of 31 and a criminal history category of VI, resulting in a sentencing range of 188 to 235 months' incarceration.  Id. ¶ 84.  In addition, Blackwell faced a statutory mandatory minimum sentence of 15 years' incarceration.  Id. ¶ 83; 18 U.S.C. § 924(e)(2).  Without the armed career criminal enhancement, Blackwell would have faced a statutory maximum of ten years' incarceration.  18 U.S.C. § 924(a)(2).  I adopted the PSR and sentenced Blackwell to 180 months' imprisonment and three years of supervised release.  Judgment at 2, 3, ECF No. 40.  Following a motion by the government for a sentence reduction for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, I reduced his sentence to 72 months.  Order at 1, ECF No. 48.  Blackwell did not appeal.

Blackwell was released from prison on September 16, 2016.  He currently is serving a term of supervised release.

In accordance with Standing Rule 15-5, I appointed the Federal Public Defender's Office to represent Blackwell with regard to any claim for relief that he might have under § 2255 following the Johnson decision.  Defense counsel subsequently filed a § 2255 motion alleging that Johnson invalidated his ACCA enhanced sentence because his Virginia predicate convictions no longer qualify as violent felonies.  The parties agreed that the viability of Virginia statutory burglary as a predicate "violent felony" under the ACCA was ripe, but requested that I stay determination of the viability of Virginia robbery and malicious wounding.  ECF Nos. 58, 60.  I granted that motion and issued an October 6, 2016 decision addressing only the viability of Virginia burglary as an ACCA predicate.  I now vacate my prior Blackwell decision and address Blackwell's entire § 2255 in this decision.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Blackwell bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

### A. The ACCA Enhanced Sentence Structure

Blackwell challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to

another.

18 U.S.C. § 924(e)(2)(B).  In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition.  It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague.  135 S. Ct. at 2563.  The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause."  Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony").  Therefore, following Johnson, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

### B.  Timeliness of Petition and Procedural Default

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review.  Id. at § 2255(f)(3).

Blackwell filed this § 2255 motion on June 23, 2016, more than one year from the date of his final judgment in 2011.  Accordingly, his motion is untimely under § 2255(f)(1).  However, the Fourth Circuit has held that a § 2255 motion is timely if it is filed within one year of Johnson

and if it asserts that the sentence received "may have been predicated on application of the now-void residual clause and, therefore, may be [] unlawful." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017). Blackwell alleges that his predicate convictions no longer qualify as violent felonies following Johnson based, in part, on the now-unconstitutional residual clause. § 2255 Mot. at 4, ECF No. 53. Because Blackwell's sentence may have been predicated on the residual clause, he has "shown that he relies on a new rule of constitutional law," such that he satisfies the requirements of 28 U.S.C. § 2255(f)(3). Id. (internal quotation marks omitted). Therefore, I must conclude that Blackwell's petition is timely under § 2255(f)(3) as he filed it within one year of the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which issued on June 26, 2015. Id.

In addition, Blackwell is not procedurally barred from bringing his claims. He did not challenge the constitutionality of the residual clause of the ACCA on direct review, which usually precludes collateral review on procedural grounds. Massaro v. United States, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). However, the Fourth Circuit, in Winston, also rejected the government's "various related procedural arguments," and reached the merits of the petition. Id. at 682 n. 4. Accordingly, I must conclude, in reliance on Fourth Circuit precedence, that Blackwell's petition is not procedurally defaulted.

## C. Predicate Offenses and the ACCA

Blackwell asserts that his predicate offenses of Virginia burglary, robbery and malicious wounding no longer support his status as an armed career criminal. Because I concluded that

Virginia burglary and robbery no longer qualify as predicate offenses following Johnson, Blackwell is entitled to relief.[1]

    1.  Virginia Burglary

Blackwell challenges his status as an armed career criminal, arguing that his Virginia burglary convictions no longer qualify as violent felonies and thus does no support his enhanced ACCA sentence. After Johnson, no crime, including Virginia burglary, can qualify as a violent felony under the residual clause. However, burglary is listed as an enumerated offense in the first part of subsection (ii) of § 924(e)(2)(B). The Supreme Court has established that a defendant's prior conviction can qualify as a "burglary" under the ACCA, however, only if the conviction was for "generic burglary." Taylor v. United States, 495 U.S. 575, 602 (1990). The Court went on to define generic burglary as: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598.

There is no question that the Virginia burglary statute defines the crime of burglary more broadly than the generic definition. Neither Blackwell nor the government makes any contrary claim. The Virginia burglary statute is broader than generic burglary because it includes entry into a place other than a building or structure, including "any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation."[2] Va. Code Ann. § 18.2-90. Nonetheless, if the Virginia

---

[1] I need not determine the viability of Blackwell's Virginia malicious wounding conviction for ACCA purposes because without the Virginia burglary and robbery convictions, he does not have the requisite three violent felony convictions necessary to support an enhanced sentence.

[2] Blackwell pleaded guilty to two statutory burglary charges, one in 1974 and one in 1996, both in violation of Virginia Code § 18.2-91, which provided at the time of his 1996 conviction: "If any person commits any of the acts mentioned in § 18.2-90 with the intent to commit larceny, or any felony other than murder, rape, or robbery . . . he shall be guilty of statutory burglary. . . ." Va. Code Ann. § 18.2-91 (as amended 1996). Virginia Code § 18.2-90, in turn, provides the elements of statutory burglary and read at the time of Blackwell's 1996 conviction:

burglary statute were divisible, that is, if it "sets out one or more elements of the offense in the alternative," and "so effectively creates several different . . . crimes," then the court could look to the facts of Blackwell's particular conviction to determine if he was convicted of generic burglary.  Descamps v. United States, 133 S. Ct. 2276, 2281, 2285 (2013).  The Fourth Circuit had concluded that the Virginia burglary statute is divisible into the crime of generic burglary and other types of burglary, which allowed a court to look at the specific circumstances of the defendant's case to determine if he was convicted of a generic burglary crime.  United States v. Foster, 662 F.3d 291, 293 (4th Cir. 2011).  However, very recently, the Fourth Circuit has recognized that intervening Supreme Court decisions abrogate its prior precedent and concluded that "it is clear that the Virginia burglary statute is indivisible."  Castendet-Lewis v. Sessions, 855 F.3d 253, 261 (4th Cir. 2017).  Because the case law is now clear that Virginia burglary is, on the one hand, broader than generic burglary, and on the other hand, indivisible, a Virginia burglary conviction can no longer support an ACCA enhanced sentence.  See United States v. Hadsell, No. 16-4767, 2017 WL 2772133, *2 (4th Cir. June 26, 2017) (vacating and remanding a defendant's sentence because a prior Virginia burglary conviction had been used to support an enhanced ACCA sentence and noting that a "Virginia statutory burglary conviction does not qualify as the ACCA-enumerated offense of 'burglary'").

---

   If any person in the nighttime enters without breaking or in the daytime breaks and enters or
   enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the
   nighttime enters without breaking or at any time breaks and enters or enters and conceals himself
   in any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or
   river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or
   trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, or
   robbery, he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90 (as amended 1992).  The statute has been slightly amended over the years since Blackwell's first statutory burglary conviction in 1975.  However, the amendments were minor and do not alter the analysis of the opinion.

### 2. Virginia Robbery

Another of the predicate offenses used to support Blackwell's ACCA enhancement was a Virginia conviction for common law robbery. The Fourth Circuit has concluded that Virginia convictions for common law robbery cannot support an ACCA enhanced sentence following Johnson. United States v. Winston, 850 F.3d 677, 686 (4th Cir. 2016). Virginia robbery does not qualify as a violent felony under the ACCA's force clause because such a conviction can result without the use of violent force, and following Johnson, it cannot qualify as a violent felony under the residual clause. Therefore, this conviction, too, does not support Blackwell's armed career criminal status.

### D.  Entitled to Relief

Blackwell was originally sentenced to 180 months' incarceration. However, following a substantial assistance motion by the government, I reduced his sentence to 72 months—a term of imprisonment substantially below the statutory maximum of 120 months for a 922(g) firearm-possession conviction without the ACCA enhancement.

Blackwell was released from the custody of the Bureau of Prisons on September 16, 2016. He is currently serving a three-year term of supervised release. A defendant on supervised release is considered to be "in custody" for purposes of a § 2255 motion, and so his motion is not moot. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). On resentencing, it is possible that I might impose less than three years of supervision. Accordingly, I concluded that Blackwell is entitled to a resentencing hearing as he no longer qualifies as an armed career criminal.

## IV.

Blackwell no longer qualifies as an armed career criminal and is entitled to resentencing. Therefore I will grant Blackwell's motion to vacate and deny the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:**    This 25th day of July, 2017.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE